IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONA D. HARRIS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   -vs- | )   Civil Action No.  20-1564 |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|        Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 20). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 16) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

**I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application on May 3, 2018, alleging disability beginning on February 1, 2012.[2] (ECF No. 11-5, pp. 2, 4). Administrative Law Judge ("ALJ"), Daniel S. Campbell, held a video hearing on September 30, 2019. (ECF No. 11-2, pp. 31-55). On October 21, 2019, the

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

[2]To be eligible for disability insurance benefits, a plaintiff must prove he/she became disabled prior to the expiration of his/her insured status. 42 U.S.C. §423; 20 C.F.R. §404.101; 404.131. In this case, Plaintiff's date last insured was December 31, 2016. (ECF No. 11-2, p. 18). As such, the applicable time period in this case is February 1, 2012 (the alleged onset date) through December 31, 2016 (the date last insured).

1

ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 11-2, pp. 16-24)

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18).   The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")[3]

Plaintiff first argues that the ALJ erred by failing to explain the medical evidence he relied on in determining that she had the RFC to perform a limited range of light work.[4] (ECF No. 17, pp. 7-9). After a review of the record and the decision as a whole, I disagree.

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. *Id.*

[4] In support of this argument, Plaintiff suggests that the ALJ must explicitly "weigh" the evidence. (ECF No. 17, p. 7). Plaintiff's application was filed in May of 2018. For claims filed on or after March 27, 2017, the

3

An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.* Nonetheless, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a

---

regulations governing the types of opinions considered and the approach to the evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. To the extent Plaintiff relied on the old regulations, such reliance is misplaced.

Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability and consistency. *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(3); 416.920c(b)(3). Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above. *Id.* at §§404.1520c(b)(1); 416.920c(b)(1). Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources in accordance with the above requirements. *Id.* at §§404.1520c(d); 416.920c(d).

4

reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, I note that a plaintiff need not be pain-free or symptom-free to be found not disabled.

Additionally, an ALJ is charged with formulating the RFC based on *all* of the relevant evidence. 20 C.F.R. § §414.1545(a)416.945(a). Given the circumstances of this case, that is exactly what the ALJ did. The ALJ formulated Plaintiff's RFC based on all of the evidence of record, discussing the medical evidence of record along with the other evidence. For example, the ALJ considered Plaintiff's testimony, the objective medical evidence, treatment records including records from both Dr. Woodyear[5] and Dr. Liu, Plaintiff's activities of daily living, her work history, and the opinion evidence. In so doing, the ALJ found the opinion testimony of the state agency doctors not to be persuasive. (ECF No. 11-2, p. 22). I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). However, it is not a requirement. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015).

After a review of the evidence and the decision as a whole, I find I am able to make a proper and meaningful review and there is substantial evidence supports the ALJ's RFC determination. (ECF No. 11-2, pp. 16-24). Therefore, remand is not warranted based on this argument.[6]

---

[5]Plaintiff refers to her treating physician as Dr. Goodyear, as does the ALJ. The medical records, however, indicate that Plaintiff's primary care physician is Dr. Woodyear. *See, e.g.,* ECF No. 11-8, pp. 68, 82.

[6]In support of her argument, Plaintiff points to evidence that she believes supports her position that she is unable to perform at the RFC level found by the ALJ. (ECF No. 17). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).
> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both

C. **<u>Subjective Complaints of Pain</u>**

Tied in with her prior argument, Plaintiff suggests that the ALJ erred by rejecting her "credibility"[7] for "unknown reasons" and without explanation.  (ECF No. 17, p. 9).  In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.  Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§404.1529(c), 416.929(c).  The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented.  *Id.*  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir.

---

Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).   If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).
*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen,* 881 F.2d at 39 (3d Cir. 1989).   Therefore, Plaintiff's argument in this regard is misplaced.

[7]Again, it appears as though Plaintiff is relying on outdated law.  An ALJ no longer makes credibility assessments. *See,* SSR 16-3p ("[W]e are eliminating the use of the term 'credibility.'").

6

1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method as set forth above. (ECF No. 11-2, pp. 16-24). The ALJ considered Plaintiff's statements and found them to be "not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 11-2, p. 20). Specifically, the ALJ compared Plaintiff's statements to the medical evidence of record, the treatment records, objective tests, the opinion evidence, her work history, and her activities of daily living. (ECF No. 11-2, pp. 19-22). Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record. Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONA D. HARRIS, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI,[8] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.   20-1564 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 16) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

*Donetta F. Ambrose*
_____
Donetta W. Ambrose
United States Senior District Judge

---

[8] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.